## BEALE *against* DOUGHERTY.

1811.

*Philadelphia,*
*Monday,*
July 22d.*

### IN ERROR.

THE plaintiff in error appealed from the judgment of an alderman on the 24th of *August* 1808, the day on which the judgment had been rendered against him for 50 dollars and 70 cents; and at the same time he gave security in the nature of special bail; but the appeal was not entered on the docket of the prothonotary of the Common Pleas of *Philadelphia* county, until the 14th of *September*, twenty-one days after the judgment, and five days before the first day of *September* term. The president of the Common Pleas, being of opinion that the appeal had not been entered within the time limited by act of assembly, on motion ordered it to be struck off, upon which the present writ of error was brought.

*Sergeant* for the plaintiff in error, argued that it was sufficient if the appeal was entered before the magistrate within twenty days after judgment, and certified to the common Pleas any time before the next term. The act of 28th *March* 1804, section 4., 6 *St. Laws* 385, gives to either party the right to appeal from the magistrate's judgment " within twenty days after judgment being given;" and the appeal is complete when the party appellant is bound before the magistrate with surety in the nature of special bail. That part of the act which relates to entering the appeal on the prothonotary's docket has no limitation of time; it merely directs that " the whole proceedings in case of appeal, shall be certi-" fied to the prothonotary of the proper county." The duty must therefore devolve upon that person who has the power, that is, the magistrate; and if there were any laches in this case, they were of the magistrate not the party. Besides, the magistrate is to *certify the appeal*, which shews that it is complete before him. The act of 20th *March* 1810, section 4., 9 *St. Laws* 210, seems to be declaratory of the true meaning

It is not necessary that an appeal from the judgment of a justice should be entered on the prothonotary's docket within twenty days after the judgment. The appeal must be made within that time; but the entry on the docket is in time on any day before the next term of the Common Pleas.

A writ of error lies to an order of the Common Pleas, in the nature of a judgment, dismissing an appeal from the judgment of a magistrate.

3b   432
f40SC 248
40SC 149

---

* This and the remaining causes in *March* 1811 were argued in that term; but the opinions were not delivered until the day mentioned in the margin, to which the Supreme Court for the eastern district stood adjourned for the purpose of giving opinions.

of the preceding acts, that if the appellant enters bail to ap-
peal within *twenty* days, such appeal shall be effectual, " in
" case such party appellant shall file the transcript of the re-
" cord of the justice in the prothonotary's office on or before
" the first day of the next term of the court of Common Pleas
" of the proper county, after entering such bail as aforesaid."
What purpose does the entry before the succeeding term, an-
swer? It is not the basis of any proceeding in the Common Pleas
until the term arrives; and it is therefore a strictness without
any use, and without any warrant in the act, to require an
entry on the docket before that time. The decisions of Judge
*Wilson*, in the adjoining district, have been directly contrary
to those of Judge *Rush*, upon this point.

*C. J. Ingersoll* for the defendant in error. A great num-
ber of appeals have been dismissed upon the ground taken
by the court below, in relation to the present, namely, that
there is no appeal *to* the Common Pleas, until that court is
possessed of the cause by an entry on its docket, which is
supported by the case of *Plowman* v. *Abrams* (*a*); and a re-
versal here will therefore be attended by the reversal of
many other such orders. But there are other questions. Has
there been a final judgment in this case, upon which a writ
of error will lie? [TILGHMAN C. J. The court have so deci-
ded in the *Commonwealth* v. *The Judges of the Common
Pleas.* (*b*)] The court have not however decided that this is
a case in which a writ of error is the proper remedy. Error
does not lie where the proceedings are not in any one stage
of them according to the course of the common law. They
may have been so in this instance in the court of Common
Pleas, but they were not so before the magistrate, and that
is decisive. *Melvin* v. *Bridge.* (*c*) *Certiorari* is the proper
remedy. *Drowne* v. *Stimpson.* (*d*) What judgment will this
court render in case of a reversal?

*Sergeant* in reply. The cases from the *Massachusetts Re-
ports* do not apply. In those cases the judgment below was
given under a special law, which did not extend to the su-

1811.
───────
BEALE
*v.*
DOUGHERTY.

(*a*) 1 *Dall.* 316.                    (*c*) 3 *Mass. Rep.* 305.
(*b*) *Supra* 273.                    (*d*) 2 *Mass. Rep.* 445.

1811.

BEALE
v.
DOUGHERTY.

perior court, and therefore the superior court could not take jurisdiction by writ of error, because it could not render a right judgment, nor correct the error, if the court below were wrong. But the act of assembly settles the question. It directs that after the cause is entered on the docket of the Common Pleas, " it shall take grade with, and be subject to " the same rules as other actions," and therefore it becomes an action at common law. 6 *St. Laws* 386. If this judgment is reversed, the appeal is thereby restored to the docket, and the record being remitted to the Common Pleas, the parties will proceed as if it had never been dismissed.

TILGHMAN C. J. In this case there was an appeal from the judgment of a justice of the peace, and security given according to law, on the same day the judgment was rendered, 24th *August* 1808. But the appeal was not entered on the docket of the prothonotary of the court of Common Pleas until the 14th of *September*, which was prior to the commencement of the term next succeeding the judgment. The court of Common Pleas dismissed the appeal, because it was not entered on the docket within twenty days from the time of the judgment.

The act of 28th *March* 1804 section 4, allows twenty days for appealing after judgment being given, and directs the justice to certify the proceedings before him to the prothonotary of the proper county, " who shall enter the same on " his docket, and the suit shall from thenceforth take grade " with and be subject to the same rules as other actions " where the parties are considered to be in court." In the same section it is directed that the appellant, if defendant, shall give security before the justice in the nature of special bail &c. It is not said that the appeal shall be entered on the prothonotary's docket in twenty days, and therefore it is not necessary. If it is entered before the justice and security given, it is sufficient. It is the business of the justice to certify his proceedings to the prothonotary, and if he fails to do it in twenty days, his default shall not deprive the party of the benefit of his appeal. If the justice delivers his certificate to the appellant to be carried to the prothonotary, and he neglects to carry it in a reasonable time, a different case will

arise, for which a remedy will not be wanting. In *this* case no injury arose by the delay, for the appeal was entered by the prothonotary before the commencement of the term next succeeding the judgment.

But it has been urged by the defendant in error, that a writ of error does not lie in this case, because the proceedings before the justice were not according to the course of the common law. The answer to this objection is plain. Whatever the proceedings before the justice were, yet when the cause came into the court of Common Pleas, it became *to all* intents and purposes an action at common law, and it is on the judgment of the court of Common Pleas, that the writ of error is brought. In the cases of *Drowne* v. *Stimpson*, 2 *Mass. Rep.* 445., and *Melvin* v. *Bridge*, 3 *Mass. Rep.* 305., where it was adjudged that a writ of error would not lie, the proceedings were under acts of assembly, and differed from the course of the common law; and the judgment was of a special nature, unknown to the common law, and such as the superior court conceived they had no power to give. Those cases therefore are not applicable.

Another objection taken by the defendant in error was, that no final judgment was given by the court of Common Pleas. That point has been decided by this court before. The dismissal of the appeal made an end of the action, and was of the nature of a final judgment. I am of opinion that the judgment of the court of Common Pleas should be reversed.

YEATES J. The principal question in this case is, whether under the hundred dollars act, passed 28th *March* 1804, or its supplement passed 9th *April* 1807, it was necessary that the appeal from a judgment of a justice of the peace on a demand exceeding fifty dollars, should be filed in the office of the prothonotary of the court of Common Pleas of the proper county within twenty days after the judgment given.

In neither of those laws do we find any time designated, wherein the dissatisfied party must file the transcript of the justice's judgment in the prothonotary's office. We must therefore recur to former laws, the decisions under them, and the reason of the thing itself, to form our opinions thereon.

The old five pound act, as it was commonly called, passed 1st *March* 1745-6, 1 *Dall. St. Laws* 307., gave an appeal in the seventh section, within the space of six days next following the giving of the justice's judgment, but *not after*, to the next court of Common Pleas, upon entering into recognisance &c. The twenty pound act, passed 19th *April* 1794, 3 *Dall. St. Laws* 538., provides in the first section, that in all cases where the debt or demand shall be above five pounds, the parties aggrieved may at any time within the space of three weeks next following the judgment, but *not after*, appeal to the court of Common Pleas &c. The fourth section of the hundred dollars act restricts the appeal to twenty days after the judgment given, and it necessarily refers to former laws giving appeals. In *Plowman* v. *Abrams*, 1 *Dall*, 316., this court decided in *July* term 1788, that after appeal and security given, the justice could not issue an execution against the original defendant, but must proceed against the bail upon the recognisance, though the prothonotary had certified that the appeal was not filed. This determination goes the full length of the case before us, as it considers the appeal made within the limited period, as completed by the entry of the bail.

Here the security has been given within the period limited by law. I see strong grounds for the policy of the law in requiring the party to evidence the sincerity of his intention to appeal, by giving a recognisance with surety within a stipulated time; but I can see no reason for the filing of the transcript within that period. The omission of that act, provided it be done before the first day of the next term, does not prejudice nor delay the adverse party. On this head it is sufficient to say that the act in question does not require it. I am therefore of opinion that the striking off the appeal, because it was not entered in the docket of the court within the twenty days, was unwarranted by law.

But it has been urged that there was no final judgment of the court of Common Pleas, and that a writ of error does not lie. It is certain that the appeal has been struck off in that court, and therefore ultimately decided on. There has been a judgment of dismissal of the appeal, which, while it remains in force, prevents all further proceedings in the suit.

Even admitting that error only lies where the proceedings are according to the course of the common law, it cannot be denied, that previous to the enlargement of the jurisdiction of justices of the peace, the jurisdiction of the Common Pleas extended to the subject matter of the action, and consequently when it came before that court by appeal, all the rules and principles of the common law must govern its decision.

I am of opinion that the judgment of the court of Common Pleas be reversed, and that the record be remitted to that court for further proceedings therein.

BRACKENRIDGE J. was of the same opinion.

Judgment reversed.