## Eslava v. Rigeaud.

I. A writ of error will not lie to revise an order quashing an attachment issued under the act of December, 1837, as ancillary to an action pending at law : and though the plaintiff recovers a judgment in the principal case, and sues out a writ of error to review it, the Court will not examine the order on the attachment. *Semble,* in such case, the plaintiff's remedy, if injured, is by *mandamus.*

This case comes here by appeal from the Circuit Court of Mobile.

IT appears from the record, that the plaintiff brought an action of covenant against the defendant, and another in the County Court of that county, for the recovery of a sum of money, which they had undertaken by deed to pay him as rent for the occupancy of a house. Pending this suit, and as ancillary to it, the plaintiff made an affidavit, that the defendant, Rigeaud, was "about to remove out of the State of Alabama, so that the ordinary process of law cannot be served on him," &c.; and having executed a bond in due form, an attachment issued accordingly. At the return term of the attachment, it was quashed by the County Court, on motion. From that decision the plaintiff appealed to the Circuit Court, and there the judgment quashing the attachment, was affirmed; and this last judgment is now complained of. It is admitted, that a judgment has been rendered in the principal case by the County Court, in favor of the plaintiff.

Peck, for the plaintiff in error.
Gibbons, for the defendant.

COLLIER, C. J.—The eighth section of the act of December, 1837, enacts, that when a suit shall be commenced in any Circuit or County Court of this State, and the defendants, or any one or more of them, shall abscond or secrete him, her or themselves, or shall remove out of this State, or be about to remove out of this State, or shall be about to remove his, her or their property, out of this State, or be about to dispose of his, her or their property, fraudulently, with intent to avoid the payment of the debt, or demand sued for, on oath thereof being made by the plaintiff, his agent, attorney, or factor, &c. and bond executed with surety, &c. an attachment shall issue in favor of the plaintiff, against the estate of the defendant, returnable to the Court in which suit had been originally commenced. The attachment thus provided for, "shall be issued, executed and returned, as near as may be, in the same manner as original attachments, and the said affidavit and bond and attachment, when returned, shall be filed with the papers in the original suit, and shall constitute a part thereof, and the plaintiff in said suit, may proceed to judgment, as in other cases, and the original suit shall not be delayed."

It is insisted by the plaintiff, that the attachment issued in this case, being in conformity to the act cited, was improperly, quashed. Preliminary to the consideration of this argument, we will inquire whether the decision of the County Court is revisable on error. A writ of error lies from a sentence, judgment or decree, which definitively settles or determines the cause. Clauson v. Shotwell, 12 Johns. Rep. 31 ; Beal v. Doughty, 3 Binn. Rep. 432 ; Boyle v. Zacharie & Turner, 6 Peters, 648 ; Rutherford v. Fisher, 4 Dall. Rep. 22, and many decisions of this Court. An interlocutory judgment, if subject to correction by any other tribunal than that rendering it, must be operated upon by the aid of some other process.

The idea advanced by the plaintiff's counsel, that the attachment constituted a suit in itself, and the judgment quashing it, was final, is opposed to the express terms of the statute, which declare that it shall constitute a part of "the original suit." It in then but assistant process given, to enable the plaintiff to make the action commenced by him, the more effectual. If a writ of error was allowed in such a case, it might, instead of advancing, greatly embarrass the administration of justice. If

the judgment in the principal case, was adverse to what the plaintiff considered his rights, he might prosecute a writ of error to review it; and thus, instead of one, there would be two causes, pending in the appellate Court at the same time, founded upon a single suit. Suppose the plaintiff should be successful in reversing the order on the attachment, but fail in showing the judgment in the action, to be erroneous, what would it avail him. The action being at an end, it is clear, he could not prosecute his attachment further. These reasons, in addition to the authority noticed, are sufficiently potent, to authorise a revising Court to repudiate a cause circumstanced as the present.

But even if the writ of error had been sued out to review the judgment in the action, the question, whether the order quashing the attachment was erroneous, could not be raised. That a party may prosecute a writ of error to reverse or correct a judgment in his favor, cannot be questioned, but the appellate Court in such a case, only inquires whether the plaintiff has been prejudiced, or in other words, whether the judgment is not imperfect, and fails to do him complete justice. A party suing upon a promissory note, or for the recovery of two specific articles of property, may complain, that he has not recovered all the interest to which he was entitled in the one case, or but one of the articles of property in the other. But, if the plaintiff has a verdict for all that he demands in the action, he can allege nothing further on error. It, however, by no means follows, if the plaintiff's attachment was improperly dismissed, that he is remediless. Superior Courts frequently award writs of *mandamus* to correct the acts of inferior jurisdiction, or to compel them to act where they refuse to proceed in obedience to law. And where there is no other appropriate common law remedy, such proceeding is frequently resorted to. The People v. The Superior Court of N. York, 10 Wend. Rep. 285; *ex parte* Davenport, 6 Peters' Rep. 661 ; *ex parte* Bradstreet, 7 Peters' Rep. 634; *ex parte* Hoyt, 13 Peters' Rep. 279; Life and F. Ins. Co. of N. York v. Adams, 9 Peters' Rep. 573; Jones, *ex parte,* 1 Ala. Rep. N. S. 15, and cases there cited.

From this view, it results that the writ of error from the County to the Circuit Court was improvidently issued, and should have been dismissed, but instead of thus disposing of

the case, the judgment of the former Court was affirmed. In this the Circuit Court erred, and its judgment is here reversed, and this Court proceeding to render such a judgment as should have been rendered by that Court, adjudges, that the writ of error from the County to the Circuit Court, be dismissed; that the defendants pay the costs of this Court, and the plaintiff, the costs of the Circuit Court.