Boraim & Co. v. Da Costa.

4 393
142 118

## BORAIM & Co. v. DA COSTA.

1. Where an attachment ancillary to an action brought in the usual manner, is improperly dismissed, a *mandamus* is the appropriate remedy in order to its re-instatement; and a rule will be awarded requiring the Judge of the proper Court to show cause why a peremptory writ should not issue, although notice has not been given that the motion will be made.

THE plaintiffs, by their counsel, have presented to this Court a record of the County Court of Mobile, showing that on the 29th April, 1840, they brought an action of *assumpsit* against the defendant, in that Court, on several promissory notes, amounting in the aggregate to the sum of eighteen hundred dollars, or thereabouts, exclusive of interest and exchange. On the 21st May, 1840, the plaintiffs caused an attachment to be issued pursuant to the statute, as ancillary to the action, which attachment was levied on the same day on merchandize and a replevy bond executed therefor. At the return term of the attachment, a motion was made to quash it, on the ground that the bond executed by the plaintiff was insufficient; this motion being continued until the next term, was accordingly granted. Afterwards the plaintiffs recovered a judgment by *nil dicit* against the defendant for the amount of the notes and interest, and in order to make the same available, now move for a writ of *mandamus* to be directed to the Judge of the County Court of Mobile, requiring him to reinstate the attachment in his Court.

CAMPBELL, for the motion.

COLLIER, C. J.—In Eslava v. Rigeaud, [3 Ala. Rep. 363,] we determined that where an attachment assistant to an action brought in the usual manner, was improperly dismissed, the judgment of the Court could not be corrected by writ of error; that the attachment was merely an accessary to the suit, and if the principal judgment was unobjectional the Court would not look into the order of dismissal, inasmuch as an

error there would not authorize the cause to be remanded. But it was intimated that in default of another appropriate remedy a *mandamus* might be awarded. Such is still our opinion.

We have looked into the record, and do not discover that the attachment bond is so obviously defective that we should overrule the motion entirely; yet we do not feel authorized to issue a peremptory *mandamus.* The usual practise is, when the applicant has made out a probable case, to grant a rule upon the defendant to show cause why the writ should not issue. [Willcock on Municipal Corporations, 209.] This course is certainly proper in the present instance, if for no other reason because the defendant had no notice, and consequently could not gainsay the motion.

It is therefore ordered that a rule issue to the Judge of the County Court of Mobile, requiring him to show cause why a *mandamus* should not issue in conformity to the motion of the plaintiffs.