Cuthbert, et als. v. Lewis.

---

## CUTHBERT, et als. v. LEWIS.

1. By the act of 1843, to regulate the expences of the county of Mobile, certificates of State witnesses are to be paid out of the fund in the treasury, arising from fines and forfeitures.

2. The decision of the commissioners, appointed under the 12th section of the act of 1843, that a claim against the county, is valid, is conclusive upon the county.

3. A declaration by the commissioners, of the fund out of which a claim declared valid by them is to be paid, is void for want of authority, and therefore the county court cannot take jurisdiction, by appeal from such a determination of the commissioners, and its judgment on such appeal is a nullity.

4. When a claim has been declared valid by the commissioners, it is the duty of the court of roads and revenue to make the necessary order, and if it refuses, a *mandamus* is the proper remedy.

ERROR to the Circuit Court of Mobile.

This was a petition to the circuit court, for a *mandamus* to the defendants.

The petitioner states, that he is the owner and holder of certain witness certificates in State cases, in which the defendants were either acquitted, or are unable to pay; that the certificates were submitted to the commissioners appointed under the act of the 11th February, 1843, to regulate the expenditures of the county of Mobile, and allowed by them, payable out of the funds then, and to come into the hands of the treasurer of the county of Mobile.

The petitioner feeling himself aggrieved by this decision, because the certificates were not recognized as a county charge generally, appealed to the county court, by which the claim of petitioner was recognized as a county charge. That Henry Stickney, the treasurer of Mobile county, has in his hands an amount arising from fines and forfeitures, sufficient to satisfy the claim, but refuses to do so unless the commissioners' court will make an order directing him to pay the same, which order a majority of that court refuse to make.

The prayer of the petition is for a *mandamus* to the commissioners' court to make the order on the treasurer for the payment of the tickets, and on the treasurer to pay the money.

The circuit court granted a rule *nisi*. The minority of the commissioners' court answer and express their willingness to make the order as required, The treasurer and the majority of the court in their answer, insist that the award of the commissioners, under the act of 11th February, 1843, did not finally establish the petitioner's claim. That the decision of the Judge of the county court reversing the award of the commissioners, was void, for want of jurisdiction, and that there is no fund in the hands of the county treasurer for the payment of such claims.

Upon the return of the conditional rule, the court made an order directing that a peremptory *mandamus* issue to the commissioners' court, commanding it to make an order, requiring the treasurer to pay the claim of the petitioner out of the fund in his hands arising from fines and forfeitures.

From this order, the defendants prayed and obtained an ap-

Cuthbert, et als. v. Lewis.

peal to this court, and now assign for error, 1. The court erred in awarding a peremtory *mandamus*.

2. The court erred in the particular order made.

3. In not dismissing the petition.

4. In rendering judgment upon the record.

5. In directing the exercise of a discretionary power in a particular mode.

6. In rendering a judgment contrary to the judgment of the county court, whilst that was in force.

7. In directing the claim to be paid out of funds in the hands of the county treasurer.

Gibbons and Phillips, for appellants. The decision of the cause must depend on the proper construction of the different acts of the legislature relating to the subject. These are, the act of 1823, [Clay's Dig. 600, § 7.] The private act of 1836, for the establishment of schools—the act of 1839, [Clay's Dig. 578, § 19,] and the act of 1843, to regulate the expenditures of the county of Mobile.

The true construction of the act of 1843, is not to make the decision of the commissioners appointed to examine into the validity of claims of this description, binding on the commissioners' court of roads and revenue—they are merely a board to "inquire" and "report" to the commissioners' court for its future action, and their decision cannot be appealed from.

The construction of the local law of 1836, by which the clerk is required "to retain and pay over, out of fines and forfeitures, &c," is that he shall retain and pay over to the witnesses, and not that he shall pay into the county treasury.

The judgment of the commissioners was merged in the subsequent judgment of the county court, which cannot be reversed by *mandamus*.

The act of 1839, cannot reach this case, because it does not appear that the certificates were endorsed by the clerk, as required by that act, to make them a county charge.

A later statute, general and affirmative, does not repeal a former one which is particular. [Gregory's case, 6 Coke, 19.]

The *mandamus*, compelling the commissioners' court to do an act in a particular mode, as to which it had a discretion, is erroneous. [9 Peters, 602.]

DARGAN, *contra.* It is unnecessary to inquire whether Lewis was bound to submit his claim to the commissioners; he has done so, and they have reported in favor of his claim. Therefore, it is a debt against the county, beyond all controversy. But how is it to be paid—out of the fines and forfeitures, or out of the county funds generally? In construing all the acts together, it will appear that the act of 1839 does not enlarge the fund out of which witnesses are to be paid. But if it does so enlarge the fund, and makes the certificate of witnesses a charge on the county generally, the act of 1843 limits the fund in Mobile county to *fines and forfeitures,* and if we submit to this limitation, surely the county cannot complain.

Under this record, we have the right to be paid out of the fines and forfeitures. Our debt was ascertained, and the inferior court refused to make the order of appropriation. Our only remedy is by *mandamus.* [4 S. & P. 154; 3 Porter, 412; 7 id. 47.]

ORMOND, J.—To a proper understanding of this case, it is necessary to take a succinct view of the several statutes which bear upon the question.

The general law of 1823, [Clay's Dig. 600, § 7,] makes the certificates of witnesses on behalf of the State, in criminal cases, receivable in payment of public dues, and requires the county treasurer to pay off and discharge them, out of any fines and forfeitures which may come into the county treasury.

The private act of 1836, for the establishment of schools in the city of Mobile, gives the fines and forfeitures, and the tax fee of two dollars for the support of schools in the county of Mobile; the proviso to the 11th section, requiring the clerk of the circuit court to retain and pay over, out of fines and forfeitures and tax fees on writs, a sufficient sum to pay witnesses on the part of the State.

The public act of 1839, [Clay's Dig. 579, § 19,] makes it the duty of the circuit clerks, on issuing witness cirtificates, when the State fails to convict, or the defendant is unable to pay the costs, to endorse that fact on the certificate, as evidence that it is a county charge.

Thus the law stood until the passage of the act of 1843, to regulate the expenditures of the county of Mobile. The 1st section

declares, that all monies arising from fines and forfeitures, shall
be paid into the county treasury.  The 3d section provides, that
the attendance of witnesses on the part of the State, shall be a
charge on said fund.  By the 7th, the clerks are required to keep
an accurate account of all State witnesses and jurors certificates,
and immediately upon the adjournment of court, to make out a
complete statement, and furnish the same to the county treasurer.
The 9th section prohibits the county treasurer from paying over
any money, but in pursuance of an appropriation by the  proper
court.   The 12th section requires the county court to appoint
three commissioners to inquire into the amount of debt due by the
county, and the evidence in support of it.   That they shall give
notice for all persons having claims, to present them— notice to be
given for six weeks, and a day appointed for hearing the claims—
all claims not presented in three months to be barred; and it shall
be their duty to determine upon the validity of each and every
claim so presented, and to make a report on the same, to the com-
missioners of roads and revenue, and any claimant, when the
claim shall be rejected, may appeal within ten days from the de-
cision of the commissioners to the county court, where the mat-
ter shall be heard *de novo*, and in case of a rejection, not appealed
from, the claim shall be forever barred.   [Pamphlet Acts, page
77.]   By this act, the Legislature appears to have made an effort
to rescue the subject from the obscurity in which it was envel-
loped by the previous mass of legislation.   We propose to consi-
der, first, the design of the appointment of the commission to in-
vestigate and pass on the validity of outstanding claims—was its
decision, that the claim was valid, binding on the court of roads
and revenue?

This question is certainly not free from difficulty, but we in-
cline to the opinion that it was.   The commissioners were to in-
quire into the validity of the claim—the claimants were bound to
present their claims within a certain time, or the claim was
barred, and their rejection of the claim, not appealed from, in ten
days, was final against the claimant.   These attributes of this
court, for such in effect it was, would hardly have been confer-
red upon it if it was not intended, that its action should conclude
the county.   Nor does it affect this conclusion, that the county
was not allowed an appeal   It is the case of the body politic, sub-
mitting claims against itself, to the determination of its own tri-

bunals, to which it is presumed it may always confide its interests. But a more conclusive reason still is, that if the commission decided against the claimant, he might appeal to the county court, where the matter was to be tried *de novo*, and if the judgment of the commission was reversed, and the claim confirmed, certainly that judgment was binding on the court of roads and revenue, yet no reason is perceived why more conclusiveness should be accorded to a judgment of one tribunal than the other, in favor of the claimant.

Was the decision of the commission in this case, such an one as could be appealed from. The extent of their power was "to determine on the validity of the claims presented;" with the fund out of which the claim was to be paid, they had no concern; that was a matter not left to their judgment, but to be ascertained by the law making provision for the payment of such claims. The effect of their judgment was, therefore, merely that the claims were valid—their declaration of the fund out of which it was to be paid, was an assumption of power not conferred on them, and therefore, not binding on any one, although in this instance, correct. From this it results, that the county court had no jurisdiction of the appeal, and its judgment, thereupon, is a nullity.

The question then returns, out of what fund were these claims payable. The general law is, that State witness tickets shall be paid out of the fund arising from fines and forfeitures in the county treasury: [Clay's Dig. 600, § 7,] they were therefore, not a general county charge. This was not changed by the act of 1836, for the establishment of schools in Mobile. That fund was still preserved for the payment of such claims, and the surplus only, if any, to be paid to the school commissioners, and it is very unimportant to inquire, whether the surplus was paid into the county treasury, or directly, by the clerk of the circuit court, to the school commissioners.

No change whatever was made in the law, in this respect, by the act of 1843. The first section directs the monies arising from fines and forfeitures, to be paid into the county treasury, and the third section declares that the attendance of State witnesses shall be a charge on said fund. This was then merely a restoration, or more properly, a re-enactment of the general law. From this examination, the following conclusions have been attained. That the decision of the commissioners was final, in favor

of the claimant—and that it became a charge on the fund in the county treasury, arising from fines and forfeitures. But as the 9th section of the act of 1843, forbids the county treasurer to pay over any money but in pursuance of an appropriation by the proper court, which is the court of roads and revenue, and as that court, on application, has refused to make it, we come to the consideration of the question, whether a *mandamus* was the proper remedy.

A *mandamus* will lie whenever the party has a clear specific legal right, and no other specific legal remedy adequate to enforce that right. [Jones, *exparte*, 1 Ala. Rep. 15, and authorities there cited.] Thus, where an ancillary attachment was improperly dismissed, a *mandamus* is the appropriate remedy. [Boraim & Co. v. DuCosta, 4 Ala. 393.] So, where a nominal plaintiff was improperly permitted to dismiss a suit. [Brazier v. Tarver, ib. 569.] Also, where a motion for a new trial was continued, and at the succeeding term, the court refused to hear it.— [Bridges & Beers v. Miller, 3 Ala. 746.] It is true, that in a case where the inferior tribunal has a discretion, it will merely be required to act, and this court would not, by *mandamus*, prescribe the judgment it should render; but that is not this case. The defendant in error has a clear legal right to an order on the treasurer for the amount of his claims found by the commissioners to be valid, and the court of roads and revenue have no discretion, but should make the appropriation, in order that the treasurer may be authorized to pay the money, if in the treasury. The order of the circuit court, therefore, directing the court of roads and revenue to make the necessary order for the payment of the claims, out of the fund arising from *fines and forfeitures*, was necessary and proper.

It is not material that it does not appear that the clerk of the circuit court made the endorsement on the certificates, required by the act of 1839; all inquiries of that kind are foreclosed by the decision of the commissioners, adjudging the claim to be valid,

Let the judgment be affirmed.