## STEWART vs. PRICE.

1. This Court has no power to revise the action of the Orphans' Court on the *annual* settlement of a guardian's accounts.

Error to the Orphans' Court of Montgomery.

WATTS & JACKSON, for plaintiff.

No counsel for the defendant.

DARGAN, J.—This was an application by the plaintiff in error to the Orphans' Court of Montgomery, to make an annual settlement of his accounts, as guardian of William H. Lewis, a minor. The plaintiff claimed, that his account should be credited with several items paid to the mother of the infant for board. The Orphans' Court refused to allow the credits, and to review this action of the court, this writ of error is sued out.

A writ of error lies only to a final sentence, judgment or decree. 3 Ala. 363. If it be not shown by the record that a final judgment has been rendered by the court below, we have no authority to review the errors that may be supposed to have been committed. True, it is made the duty of all guardians, once every year, or oftener if required, to render to the Orphans' Court, an account of the product of the estate of their wards, and of the sale and disbursement thereof—Clay's Digest, 267; but the rendition of this account, is not a final judgment or decree; the proceeding is *ex parte*, and no judgment is rendered on such account. On a final settlement, these annual, or partial settlements, made by an administrator or a guardian in conformity with law, must be considered as *prima facie* correct, but they are not conclusive. Willis v. Willis, 9 Ala. 330.

There being no final judgment, the writ of error must be dismissed.