22 517
104 281

## THOMPSON ET UX. vs. HUNT, ADM'R.

1. A writ of error lies under the act of 1843, from a decree of the Court of Probate rendered on an annual settlement by an administrator. (Overruling Price v. Stewart, 16 Ala. 40, and re-affirming Savage v. Benham, 11 Ala. 49.)
2. But the act of February 11, 1850, so far modifies the act of 1843, as to destroy the final character of such decrees and render them interlocutory only.

ERROR to the Court of Probate of Monroe.

The defendant in error, as the administrator of Thomas Finklea, deceased, had an annual settlement of his administration on said estate, with the Court of Probate, at its December term, 1852. On this settlement, the administrator claimed a credit for two particular items in his account, which were resisted by the plaintiffs in error; but the court allowed the items as credits, and the plaintiffs in error excepted.

The writ of error was sued out to revise this decree, and the action of the court in allowing these credits is assigned for error. A motion to dismiss the writ of error is made by the defendant, on the ground that the decree of the Court of Probate is not final, but merely interlocutory.

WATTS, JUDGE & JACKSON, for plaintiffs in error.

S. J. CUMMINGS, contra.

GIBBONS, J.—A motion is made in this case to dismiss the writ of error, predicated, as appears by brief of counsel, upon the case of Price v. Stewart, 16 Ala. 40, and on the act of 11th February, 1850. The motion is resisted, on the ground that the law in the case of Price v. Stewart, supra, was wrongly declared, and relying upon the case of Savage v. Benham, Adm'r, 11 Ala. 49; and further, that the act of 1850 did not repeal the act of 1843, and therefore a writ of error lies from a decree of the character of the one in question, the same as it did before the passage of the act of 1850.

The act of 1843, in speaking of annual or final settlements, says: "At the time appointed in said order of publication for said settlement to be made, or so soon thereafter as the same

is regularly reached, the said judge shall audit and examine said account and vouchers, and after hearing the exceptions to the same, (if any are made,) and the evidence adduced, shall proceed to state the same, and render a decree thereon; which decree shall, in all respects, have the force and effect of a judgment at common law." In the case of Savage v. Benham, Adm'r, *supra*, it was decided, and very properly we think, that an annual settlement made under this act by an executor or administrator, was such a decree as would support a writ of error. It is true, the case of Price v. Stewart asserts a different doctrine; but we consider the decision in Savage v. Benham a correct interpretation of the act, so far as this question is concerned.

It remains, however, to be considered whether the act of 1850 has so modified the act of 1843 as to destroy the final character of this species of decrees, and thus render them incapable of being reviewed by writ of error. Section twenty-eight of that act is as follows: "That partial settlements, whether of executors, administrators or guardians, shall, on final settlement, be considered only as *prima facie* correct, liable to be corrected for any error, either in law or fact; and in no case shall public notice of such partial or annual settlements by advertisement in a newspaper be necessary, unless when some portion of the heirs or legatees reside out of the State: *Provided*, That this section shall have no application to estates reported insolvent." Section twenty-nine is as follows: "That any party aggrieved by any interlocutory or final order or decree of a judge of said court, may, within three years from the rendition thereof, appeal therefrom to the Supreme Court, under such rules and regulations as said Supreme Court may, from time to time, lay down, regulating such appeals: *Provided*, That if the party appealing desires to stay the judgment of said court, he may do so by giving bond, with good and sufficient sureties, in double the amount of said judgment, conditioned and payable as in appeals from the Court of Chancery, which bond shall be approved by the judge of probate: *Provided further*, That from any judgment or order final in said court, a writ of error shall lie to the Supreme Court, in the same manner as upon judgments of the Circuit Court."

The first section of the last act above cited, in our opinion, so far modifies the decrees of the Orphans' Court made on annual or partial settlements of estates, as to deprive them of their character of final decrees, as contemplated by the act of 1843. The decision in the case of Savage v. Benham, Adm'r, is distinctly placed upon the ground that, by the terms of the act last named, they were made final decrees, and therefore a writ of error from them would lie. The act of 1850 makes them in terms interlocutory merely, and on final settlement of the estate to be regarded only as *prima facie* correct, and liable to be corrected for any error, either in law or fact. This materially changes their character, and this section, taken with the following one providing a mode for reviewing such decrees by appeal, is decisive of the question under consideration. Our conclusion is, that a writ of error will not lie from such a decree. If the parties aggrieved by the decision of the court wish to revise it here, they must resort to the mode provided by the statute.

The writ of error is therefore dismissed.