## DUKE'S ADM'R vs. DUKE'S DISTRIBUTEES.

1. The act of 1850, which provides (Pamphlet Acts 1849-50, p. 32, § 28) "that partial settlements, whether of executors, administrators, or guardians, shall on final settlement be considered as only *prima facie* correct," does not retro-act upon settlements made before its passage.

2. If, on an annual or partial settlement made by an administrator under the act of 1848, all the proper parties being regularly before the court, an issue is made up respecting the validity of certain items, and fully tried by the parties before the court, the judgment given upon them, whether allowing or rejecting them, so long as it remains unreversed, is as conclusive as if rendered on final hearing, and may be pleaded in bar on the final settlement.

ERROR from the Court of Probate of Perry.

In the matter of the final settlement of the estate of Jeremiah K. Duke, deceased, by John F. Shaffer, his administrator. The distributees of the estate attempted to charge the administrator with certain sums of money collected by him on account of his intestate's interest in certain mills, and issues were joined between the parties touching the validity of these items. "Before going into the trial on the merits, the defendant objected to said cause being tried on said issues, on the ground, that the identical same issues had been once before adjusted by said Orphans' Court, and decided in his favor; and he pleaded the same in bar of said court's further proceeding in said trial. In support of his objections, the defendant showed to the court, by the records of said Orphans' Court, that at a term of said court held on the 17th of January, 1848, an account which he had theretofore filed for a partial settlement of said estate, was objected to by the plaintiffs in this case, and the same issues were tendered by them which they now offer; that defendant joined issue with them; that the whole merits of the questions involved in the issues now tendered were then gone into and tried by the court; that witnesses were introduced and examined by both parties, in open court, touching their knowledge of the questions involved; and that upon the trial of said issues, said court gave judgment thereon in favor of the defend-ant, and then and there refused to charge him with said mo-

43

neys. But the court overruled defendant's objections, on the ground that said issues having been decided on a partial settlement of said estate, was not a bar to plaintiffs' right of action in this case, and did not preclude them from again seeking to charge said administrator with said moneys; and to this ruling of the court the defendant excepted."

This ruling of the court, *inter alia*, is now assigned for error.

I. W. GARROTT, for the appellants, contended that the previous decision of the court on the items involved in the present controversy, under the law then in force, was final and conclusive, and constituted a bar to their subsequent investigation on another settlement; and cited Savage v. Benham, 11 Ala. 49, and Thompson and Wife v. Hunt, 22 *ib.* 517.

JOSEPH R. JOHN, *contra*, cited and relied on the cases of Smith's Heirs v. Smith's Adm'r, 13 Ala. 329; and Thompson and Wife v. Hunt, 22 *ib.* 517.

CHILTON, C. J.—It appears from the bill of exceptions sealed in this case, that before going into trial on the merits, the defendant objected to going to trial upon the issues tendered, and pleaded in bar of such trial, that the same issues now tendered had been once before tried and fully determined by the Orphans' Court of Perry county, to-wit, on the 17th day of January, 1848; and in support of his plea, produced the record of said Orphans' Court in said cause, whereby it appeared that, at a term of said Orphans' Court held on the day above mentioned, the defendant having before that time filed his account in said court for a partial settlement, the plaintiffs objected to said account, *and the same issues were then tried, at their instance, which they now tender ;* that the whole merits of the questions involved in the present issues were then gone into and tried by the court; that witnesses were examined by both parties, in open court, touching their knowledge of the questions involved; and that upon the trial of such issues as aforesaid, the said Orphans' Court gave judgment thereon in favor of the said defendant, and then and there refused to charge him with the said moneys with which he is sought to be charged by the issues now tendered. The

probate judge, however, ruled, that as the former trial was had on a partial settlement of said estate, it was no bar to a subsequent trial seeking to charge the administrator with the moneys from which by the previous trial he had been exonerated.

There is some confusion in our previous legislation, upon the subject of partial or annual settlements, and the effect to be given to them upon final settlements of estates ; and this want of definiteness has given rise to some seeming conflict in the decisions of this court upon the subject.

Previous to the act of 1843, it was considered, that such settlements were not conclusive, and could only be regarded as *prima facie* evidence of their correctness upon a final settlement thereafter had. Those made under the act of 1843 were regarded by this court, in Savage v. Benham, 11 Ala. Rep. 49, as partaking of the nature of final settlements, so far as to authorize a writ of error to lie to this court. This decision was re-affirmed by us in Thompson and Wife v. Hunt, in 22 Ala. Rep. 517. The judge who delivered the opinion in the case last cited, supposed that Price v. Stewart, 16 Ala. Rep. 40, was opposed to this view ; but it will be observed that it arose upon a guardian's annual settlement under a different statute, and does not in fact conflict with 11 Ala. 49.

The act of 1850 makes such settlements, in terms, interlocutory merely, and declares the effect to be given them upon a final settlement, to-wit, that they are to be regarded as *prima facie* correct, and liable to be corrected for any error, either law or fact. Hence, in Thompson v. Hunt, *supra*, the settlement, having taken place since the 11th February, 1850, when that act was passed, came within its provisions, and it was held, that no writ of error could be prosecuted from such partial settlement.

If we concede that the result would be affected by the act of 1850, above alluded to, yet it is clear that it does not retro-act, so as to affect settlements made before its passage. Such was not the intention of its framers. The settlement pleaded as a bar of the present controversy took place on the 17th day of January, 1848, and was made under the act of 1843, and must, consequently, be governed by that law as to its effect.

Without intending to decide that annual or partial settle-

ments may not be inquired into and corrected, as to any and all items which were not litigated when they were made, we feel quite sure that where such settlement was made under the act of 1843, and all the proper parties were duly brought before the court, and an issue respecting the validity of certain items of the account was made and fully tried by the parties before the court, the judgment given upon these items, either allowing or rejecting them, so long as it remains unreversed, must be of force, and as conclusive as if rendered upon the final hearing. The Legislature, by the act of 1843, evidently authorized such contestation; and there is nothing in the act itself, as there is certainly nothing in public policy, which authorizes the same parties, before the same court, to re-litigate the same matter upon issues which are identical, and, it may be, upon the same evidence. This can only be done upon granting a new trial, but never in another distinct contest.

If the recitals in the bill of exceptions in this case be true, as to the former trial, there is no question that it constitutes a bar to a re-trial of the same items, then fully contested, and determined upon by the court.

As this view will probably be decisive of the case upon another trial, we deem it unnecessary to notice the other questions raised upon the record.

Let the judgment be reversed, and the cause remanded.