## MOORE AND WIFE vs. BAKER.

[FINAL SETTLEMENT OF GUARDIAN'S ACCOUNTS.]

1. *Conclusiveness of annual or partial settlements; presumption in favor of judgment.*—Annual or partial settlements of a guardian's accounts, made after the passage of the act of 1843, (Clay's Digest, 229, § 42,) and before the passage of the act of 1850, (Session Acts, 1849-50, p. 32, § 28,) are conclusive on final settlement, if legal notice thereof was given, and a guardian *ad litem* was appointed for the ward; consequently, the appellate court will presume, in favor of the correctness of the ruling of the court below, that such settlements were made under the act of 1843, that the necessary notice was given, and a guardian *ad litem* appointed, unless the record affirmatively shows the contrary.

2. *Statement of account against defaulting guardian.*—If a guardian fails to file his accounts and vouchers for a final settlement, when required by the court to do so, the court may state an account against him, charging him with the sums which have come to his hands, (Code, §§ 2039, 1817-20,) and thereon render a decree against him, after complying with the necessary preliminary requisitions of the statute; but it is not authorized at once to render a decree against him, at the instance of the ward, for the amount shown by the record to have been received by him, with compound interest thereon.

APPEAL from the Probate Court of Walker.

IN the matter of the final settlement of the accounts and vouchers of Alvin R. Baker, as guardian of Nancy M. Moore, at the instance of the said Nancy M. and her husband, James M. Moore. The citation was issued on the 26th September, 1860; and the settlement was had, after several continuances, on the 16th December, 1861. There is no bill of exceptions in the record, except as shown by the following recitals in the decree: "On the final settlement of said guardianship, the counsel for the ward objected to the record which purports to be several annual or partial settlements, for want of jurisdiction in the court, and defects in the record. The court ruled, against the objection of the *defendant*, that said settlements could not be opened, unless they were impeached for fraud, or for arithmetical

Moore and Wife v. Baker.

or other errors; to which the *defendant* excepted. The *defendant* then asked the court, as there was no account filed by the guardian, but it appeared from the record that the guardian had received, at different times, some four hundred dollars, to give a judgment against him for said sum, with compound interest; which the court refused to do, and the *defendant* excepted." The partial settlements referred to are nowhere set out in the record. The rulings of the court above stated are now assigned as error.

W. S. EARNEST, for appellants.

J. W. HAMPTON, *contra.*

A. J. WALKER, C. J.—This case must be tried upon the transcript returned to this court in obedience to the *certiorari*, which is conformable to the rule in the dimensions of the paper, and in the mode of its preparation. It is not tried upon the transcript first returned to this court, which is not in any way conformable to the rule, and which was rejected. It is proper to remark, however, that if the matter which seems to have been improperly copied in the bill of exceptions in the first transcript, be excluded from consideration, it would not materially differ in its contents from that returned in obedience to the *certiorari*.

[1.] The court below ruled, that certain annual, or partial settlements, made by the guardian, were conclusive. Waiving the question of the revisability of this ruling as presented, we can not pronounce it erroneous. We have not those partial or annual settlements before us, and we can not see that they were made without notice, or the appointment of a guardian *ad litem;* and we can not tell at what time those settlements were made. If they were made during the interval between the passage of the acts of 1843 and 1850, in reference to the effect of such settlements, and the legal notice was given, and a guardian *ad litem* was appointed, they were conclusive, as ruled by the court below.—*Duke's Adm'r v. Duke's Distributees*, 26 Ala. 673. Being uninformed on the subject, we can not intend that there was a want of notice, or of the appointment of a guardian *ad litem,* or that the settlements were not had

within the interval above stated; but must presume the contrary. We can not impute error to the court, which does not affirmatively appear from the record.—*Ward v. Cameron*, 37 Ala. 691; *McLemore v. Nuckolls, ib.* 662; *Wynne v. Whisenant, ib.* 46; *Cawley v. State, ib.* 152.

[3.] The ward asked the court below to give a judgment against the guardian for four hundred dollars, with compound interest, upon the ground that the latter had not filed an account, and that sum appeared from the record to have been received by the guardian. This the court refused to do, and exception was taken. If the guardian did fail to file his account and vouchers, when thereto required in the prescribed manner, it was competent for the court, under section 1817 of the Code, to have stated an account against him, charging him with such amounts as had come into his hands; and it would have been the duty of the court, after so stating the account, to have had other proceedings in pursuance of the following sections, before rendering a judgment. But the law did not authorize the court to proceed at once to render a judgment, and the court committed no error in refusing to do so. It is needless to inquire whether an affirmance upon this point might not be attained upon other grounds.

All the assignments of error are met by what we have said above, and the decree of the court below must be affirmed.